# Dunagan v. Commonwealth.

Oct. 30, 1942.

W. S. Gilreath for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The appellant killed his friend, Jess Cox, in what might be styled a duel resulting from a drunken quarrel arising over the alleged mistreatment by appellant of a guest in Cox's home where the families of the participants had spent the evening and the ensuing early morning hours. Acting, as he claimed, under a threat from Cox that Cox would "kill him before morning," appellant left the house, which adjoined his own, went to the home of a neighbor, borrowed a shotgun for the ostensible purpose of going squirrel hunting, returned to his own house and shot Cox as the latter approached, rifle in hand. Appellant claims that Cox fired first, although there is evidence to the effect that Cox left his home, with a carbide miner's light on his head, in response to a shot fired by appellant from the outside, and was himself shot before he could raise his rifle. Appellant's excuse for borrowing the shotgun was that he was afraid that Cox would carry out his alleged threat, and

desired the weapon to defend himself and family. His defense was that he fired only to thwart what he believed was Cox's imminent attempt to kill him. The testimony is conflicting, and leaves the mind in doubt as to whether or not the homicide was justified; but it is entirely clear that there was ample evidence to uphold the jury's rejection of appellant's plea of self-defense and its infliction of a penalty of twenty-one years' imprisonment for voluntary manslaughter.

In addition to their argument that the verdict was not sustained by sufficient evidence, appellant's counsel advance the claim that the Court erred in compelling the appellant to stand trial on the day following the appointment of counsel to defend him, asserting that insufficient time had been allowed in which to compel the attendance of nine of eleven witnesses whom he had summoned. But the record fails to disclose, by affidavit or otherwise, either the names of the absent witnesses or any fact to which they would have testified had they been present. Neither does it appear that appellant's appointed counsel could have improved their defense had more time been granted. On the contrary, the record would seem to indicate that every material fact was properly presented for the jury's consideration. But, be this as it may, we have written time and time again that this Court cannot consider grounds for a reversal not presented in tangible and legal form.

The same considerations also preclude us from taking cognizance of appellant's claim, appearing only in the brief of his counsel, that the Court erred to his prejudice in permitting, during the term of Court at which appellant was tried, a meeting of the "League of Justice" at which "songs were sung and speeches made condemning crime."

Judgment affirmed.